Alexander H. Hill, OSB #135515
E-mail: alex.hill@bullivant.com
BULLIVANT HOUSER
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503. 228.6351
Facsimile: 503.295.0915
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE HERTZ CORPORATION, ESIS, INC. and ACE AMERICAN INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> TIMMY PHILLIPS and DAVID KATZUNG, <br><br> Defendants. | Civil No.:  3:20-cv-00269 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs, The Hertz Corporation, ESIS, Inc. and ACE American Insurance Company

(hereinafter "Hertz", "ESIS" or "ACE" as the context requires or collectively "Plaintiffs")

hereby allege as follows:

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 1**

## PARTIES

1.      Hertz is a Delaware corporation with its principal place of business in Estero, Florida, and a rental car company authorized to do business in Oregon.

2.      ESIS is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania and is a third-party claims administrator licensed and authorized to do business in Oregon.

3.      ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania, and is an insurance company licensed and authorized to do business in Oregon.

4.      Upon information and belief, Timmy Phillips ("Phillips") is an individual whose domicile is the State of Idaho.  His residence, as listed on the Hertz rental agreement (described below) is 10360 La Hontan Drive, Boise, Idaho 83709.  It is further alleged upon information and belief that Phillips currently resides at the Idaho State Correctional Institution in Boise, Idaho – IDOC#67232.

5.      Upon information and belief, defendant David Katzung ("Katzung") is a resident and domiciliary of the State of Washington, residing at 1511 SW 13th Avenue, Apartment 104, Battle Ground, Washington 98604.

## JURISDICTION AND VENUE

6.      There is complete diversity between the plaintiffs and defendants and the Court has jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), 28 U.S.C. § 2201 (Declaratory Judgment) and Oregon Revised Statutes § 28.020, *et seq.* (Declaratory Judgment).

7.      This declaratory judgment action concerns the contractual responsibilities of Hertz, ESIS and ACE as it pertains to claims of Katzung, including those assigned to him by

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 2**

Phillips.

8.     Venue in the District of Oregon is proper under 28 U.S.C. § 1391 because the rental contract between Phillips and Hertz states, at paragraph 14 b. "This Agreement shall be governed by the substantive law of the jurisdiction in which the rental commences, without giving effect to the choice of law rules thereof, and You irrevocably and unconditionally consent and submit to the jurisdiction of the courts located in that jurisdiction." Katzung, as assignee of Phillips' rights, is also subject to this provision regarding venue.  The Portland Division is proper under LR 3-2 because the subject rental commenced in Multnomah County, Oregon.

## FACTUAL BACKGROUND

9.     On May 30, 2017, Phillips rented a 2016 Mazda automobile from Hertz. According to the rental contract, the agreement was entered into at Hertz location "ORPOE03." This location is the Hertz facility known as "Portland - South East Stark HLE", with an address of 12136 South East Stark Street, Portland, Oregon location.  A copy of the rental contract between Hertz and Phillips ("Rental Agreement") is attached hereto as Exhibit 1.

10.     During the time that Phillips rented the 2016 Mazda from Hertz, Hertz secured coverage for Phillips as required by the minimum financial responsibility obligations for passenger motor vehicles under Oregon law. Hertz purchased insurance from ACE to cover the Oregon mandated minimum financial responsibility obligations under Business Auto Policy No.  ISA H09053062 (the "MFR Policy"). Hertz and ACE retained ESIS to adjust claims that fall under the terms of this policy.

11.     Under the terms of the Rental Agreement, Phillips had the option of purchasing automobile liability insurance coverage above the minimum financial responsibility obligations imposed by Oregon law. However, Phillips elected not to purchase additional liability coverage that was available to him in the Hertz rental process.  *See*, Ex. 1 (Rental

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 3**

Agreement). Phillips' decision not to purchase the Liability Insurance Supplement or "LIS" is clear from the Rental Agreement Financial print out, which shows both a rejection (the "N" to the right of "LIS") and the fact that "$0.00" is shown in the premium or charge column of this document.

12.    Phillips affirmatively represented that he had coverage from Kemper Preferred Insurance ("Kemper") for liability and related coverages for damages to person(s) or vehicles for the entirety of the rental period. *See*, Ex. 1 (Rental Agreement). In fact, Kemper initially paid for the Hertz rental car because Phillips' car was being repaired as a result of a collision for which Phillips sought coverage under his Kemper policy.

13.    Under the express terms of the rental agreement, Phillips was authorized to rent the vehicle from Hertz for a period of no greater than thirty (30) days. The rental agreement provides, in pertinent part as follows:

> YOU MUST RETURN THE CAR TO HERTZ BY THE DUE
> DATE SPECIFIED ON THE RENTAL RECORD, OR
> SOONER IF DEMANDED BY HERTZ. IN NO EVENT MAY
> YOU KEEP THE CAR FOR MORE THAN THIRTY (30)
> DAYS…UNLESS AUTHORIZED IN WRITING BY HERTZ.

Ex. 1 (Rental Agreement) at ¶3 (emphasis in original).

14.    The rental agreement commenced on May 30, 2017 and neither Phillips nor Kemper sought an extension of the thirty-day rental period.

15.    The rental period ended on or about June 29, 2017. At that point, Phillips was an unauthorized driver of the Hertz vehicle, furthermore at the end of the rental period, the MFR coverage that Hertz provided with the vehicle ended.

16.    On July 18, 2017, the Hertz rental car rented by Phillips was involved in an automobile collision with Katzung, a resident of the state of Washington. This accident occurred 19 days after the end of the rental period - during a time when Phillips was an unauthorized driver of the vehicle.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 4**

17.     The accident allegedly occurred in Battle Ground, Washington.

18.     Although Phillips had an affirmative duty under the Rental Agreement to notify Hertz (*See*, Ex. 1 (Rental Agreement) at ¶ 11), Hertz was not informed of this accident by Phillips.

19.     Likewise, under the terms of the ACE MFR Policy, Phillips, to be an insured, was required to ensure that "all terms and conditions of the 'Rental Agreement' have been met." Endorsement 23 of the MFR Policy.

20.     Hertz became aware of the incident because the disabled and damaged 2016 Mazda vehicle was towed into the Portland administration lot.

21.     Hertz was not provided with any information related to the date, time or circumstances of the accident.

22.     Multiple attempts (on July 19, July 20, July 21, July 25 and July 27, 2017) were made to contact Phillips via telephone to obtain further information.  In addition, correspondence directed to Phillips at a Portland, Oregon, address as well as at the Boise, Idaho, address listed on the Rental Agreement were attempted.  The letters were not returned undeliverable, but Phillips never contacted Plaintiffs.  Thus, all attempts to discuss the claim with Phillips were unsuccessful.

23.     As the vehicle was rented in Portland, Oregon, Hertz contacted the Portland police to see if a report had been made.  However, there were no police reports filed about the accident in the Portland area.

24.     Hertz contacted Kemper to see if a report had been made to them.  Kemper had not been notified.

25.     Kemper was ultimately notified of the accident.

26.     Kemper declined coverage for the accident indicating that the Kemper policy lapsed on May 30, 2017, more than a month before the date of the accident, for failure to pay

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 5**

premium.

27.    Katzung hired Washington counsel, Thomas Hojem ("Hojem"), to represent him related to the accident with Phillips.

28.    On August 20, 2018, Hojem filed suit on behalf of Katzung in the Superior Court for Clark County, Washington, against Phillips (the "Washington State Complaint").

29.    An affidavit of service asserts that a summons and the Washington State Complaint were served on Phillips on August 27, 2018, at 10:18 a.m. "in Clark County, State of Washington" at the "Columbia River Correctional Institute Legal Library." However, the Columbia River Correctional Institute is located in Portland, Oregon, across the river from Washington State. On information and belief, Katzung did not secure a commission or other authorization to serve the Washington State Complaint in Oregon.

30.    Phillips did not tender the Washington State Complaint to Plaintiffs, never requested or sought a defense, never requested Plaintiffs' assistance or intervention, nor did he ever respond to the Washington State Complaint.

31.    On December 14, 2018, Judge Collier of the Clark County Washington Superior Court entered Findings of Fact, Conclusions of Law and Judgment of Default against Phillips in the amount of $500,000.00.

32.    As detailed above, in July 2017, Hertz was insured by ACE under the MFR Policy to meet Hertz' obligations under the financial responsibility laws of the State of Oregon (ORS §806.010 *et seq.* and ORS §806.130).

33.    ORS §806.010 *et seq.* (the so-called "Financial Responsibility Law") makes it unlawful for any person to operate a motor vehicle unless the operator is insured by a motor vehicle liability insurance policy that meets the requirements of ORS §806.080.

/ / /

/ / /

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 6**

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment 28 U.S.C. and § 2201 Oregon Revised Statutes § 28.020, *et seq.*)

34.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs.

35.    Plaintiffs seek a declaration that Phillips' retention of the vehicle beyond the thirty-day rental period contained in the rental agreement constitutes a breach of the rental contract.

36.    Plaintiffs also seek a declaration that Phillips' breach of the rental contract vitiates any insurance coverage that was provided to Phillips during the rental period.

37.    As the July 18, 2017 collision occurred after the rental period ended, Phillips had no insurance coverage.

38.    Accordingly, Plaintiffs are entitled to a declaration that Hertz, ESIS and ACE have no obligation to Phillips, and by extension Katzung.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment 28 U.S.C. and § 2201 Oregon Revised Statutes § 28.020, *et seq.*)

39.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs.

40.    Plaintiffs seek a declaration that Phillips had an obligation, both under the terms and conditions of the Rental Agreement and under the terms and conditions of the ACE MFR Policy, to timely report the accident to Hertz.

41.    Phillips failed to timely report the accident to Hertz, ESIS or ACE.

42.    As a result of this failure, both Hertz and ACE have been prejudiced.

43.    Accordingly, Plaintiffs are entitled to a declaration that the sole responsibility of Hertz, ESIS and ACE to Phillips, and by extension Katzung, is limited to the Oregon state

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 7**

minimum financial responsibility limit of $25,000 for Katzung's bodily injury, as found in ORS § 806.070(2)(a).

### THIRD CLAIM FOR RELIEF
(Declaratory Judgment 28 U.S.C. and § 2201 Oregon Revised Statutes § 28.020, *et seq.*)

44.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs.

45.    Under the terms of the Rental Agreement, Phillips was offered additional limits of automobile liability insurance coverage from ACE, but Phillips chose to decline such coverage.

46.    Accordingly, Plaintiffs are entitled to a declaration that the sole responsibility of Hertz, ESIS and ACE to Phillips, and by extension Katzung, is limited to the Oregon state minimum financial responsibility limit of $25,000 for Katzung's bodily injury, as found in ORS § 806.070(2)(a), and a declaration that Phillips did not purchase the increased limits of insurance coverage offered to him.

### FOURTH CLAIM FOR RELIEF
(Declaratory Judgment 28 U.S.C. and § 2201 Oregon Revised Statutes § 28.020, *et seq.*)

47.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs.

48.    Hojem advised ESIS of the Washington State Complaint and the fact that Hojem intended to default Phillips for failing to interpose an answer to the Washington State Complaint.

49.    In spite of these communications, Phillips never sought or requested a defense from Hertz, ESIS or ACE, and further never requested Hertz' assistance or intervention, in spite of numerous attempts by Hertz and ESIS to contact Phillips.

50.    Plaintiffs seek a declaration that in the absence of any request from Phillips:  (a)

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 8**

requesting coverage from ACE under the ACE MFR Policy, and/or (b) requesting assistance from Plaintiffs to respond to the Washington State Complaint, the Plaintiffs had no obligations to either Phillips or Katzung for Katzung's injuries that are alleged to have arisen out of the accident, other than the Oregon state minimum financial responsibility limit of $25,000 for Katzung's bodily injury, as found in ORS § 806.070(2)(a)

## FIFTH CLAIM FOR RELIEF
(Declaratory Judgment 28 U.S.C. and § 2201 Oregon Revised Statutes § 28.020, *et seq*. and 49 USC §30106)

51.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs.

52.    Hertz is the owner of the 2016 Mazda motor vehicle that Phillips rented from Hertz.

53.    Hertz is engaged in the trade or business of renting motor vehicles.

54.    Katzung has not asserted any negligence claims against Hertz arising out of the accident.

55.    No criminal wrongdoing has been asserted against Hertz by any state or local government agency, or department.

56.    Plaintiffs seek a declaration that Katzung's claim against Hertz is barred by 49 USC §30106 and that the Plaintiffs had no obligations to either Phillips or Katzung for Katzung's injuries that are alleged to have arisen out of the accident, other than the Oregon state minimum financial responsibility limit of $25,000 for Katzung's bodily injury, as found in ORS § 806.070(2)(a)

## SIXTH CLAIM FOR RELIEF
(Motion for Interpleader pursuant to 28 U.S.C. §1335 and FRCP 22.)

57.    Plaintiffs incorporate by reference and re-allege the allegations contained in the

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 9**

preceding paragraphs.

58.    Pursuant to 28 U.S.C. §1335 and FRCP 22, plaintiffs move the Court for an order to Interplead $25,000.00 with the Court as respects Hertz' obligations under ORS§ 806.070(2)(a), discharging plaintiffs of all liability as to their obligations to defendants.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY FOR JUDGMENT AS FOLLOWS:

1.    Declaring that Plaintiffs had no obligation to defend Phillips against the Washington State Complaint;

2.    Declaring that Plaintiffs had no obligation to indemnify Phillips against the Washington State Complaint;

3.    Declaring that Plaintiffs' have no obligation to Phillips and Katzung or in the alternative, that Plaintiffs' sole obligation is found in ORS ORS § 806.070(2)(a) related to liability for their vehicle which was the instrumentality of injury and property damage to Katzung;

4.    Declaring that Plaintiffs have no obligation to indemnify or otherwise respond to the default judgment rendered against Phillips and in favor of Katzung as a result of Phillips' failure to respond to the Washington State Complaint, except to the extent as enumerated in Request for Relief 3 above;

5.    For an order granting plaintiffs' motion to interplead $25,000 into the registry of the court.

/ / /

/ / /

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 10**

6.    For Plaintiffs' costs and disbursements incurred herein and such other and

further relief as this Court deems just.

DATED:  February __18__, 2020.

BULLIVANT HOUSER BAILEY PC


By    *s/ Alexander H. Hill*_____
      Alexander H. Hill, OSB #135515
      E-mail:  alex.hill@bullivant.com
      Telephone: (503) 228-6351
      Attorneys for Plaintiffs Hertz, ESIS and Ace

4828-0894-8914.1

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 11**